Good morning, Your Honors. My name is David Abney. I represent the Plaintiff Appellant. It's a very interesting case, maybe not the biggest case in the world, but the principle involved is important. And there's, of course, many ways to look at a case like this. Perhaps if you just go to basics, there's an opinion from the District of Hawaii from 1977 that a Judge King wrote, quick shank versus United States. I wasn't reversed? No, sir. And actually, the judge got right down to the basics of our case. Before you get too far down to the basics, there's something maybe a little more basic than that. I wanted to call your attention to Section 28 U.S.C. Section 2675, which says an action shall not be instituted upon a claim against the United States unless the claimant shall first present the claim to the appropriate Federal agency. Yes, Your Honor. Was there a claim presented to the FAA in this case? Yes, Your Honor. And it was rejected. And I have not seen any showing of that in the record. Well Is it there someplace? Did I miss it? It's not alleged in your complaint. There's nothing in the excerpt to show that there was such a thing. There indeed was such a thing. I do a ballot to the court, and I can supplement the record if the judge would like me to after argument, as soon as I can go and dig it out. I think I actually submitted an original claim, and then I revised it and submitted another claim. But it did go to the FAA. Okay. Well, that's a jurisdictional prerequisite, and it's up to you to show that the court has jurisdiction. Well, as far as I'm concerned, you're free to supplement the record with that. Okay. I assume those documents are in the record someplace. I don't know if I submitted it to the district court with the complaint. But actually, I did do it, and then we did do the complaint within the proper time period. And I believe that the government in its – well, I'm not quite sure if in their response they conceded that as well. And maybe when counsel gets up here, we'll be able just to say that there was indeed such a thing. But it did happen. I didn't – I was in the Navy for a while handling these kinds of claims, and I always get the claim in. And knock on wood, so far, I always get it in on time. Okay. Thank you. Thank you, Your Honor. Now that I've – I hope I get over my heart attack, I'll – anyway, if we return to Creekshank, the case was – it was an invasion of privacy. One of these cases where the CIA was opening people's mail and without any sort of legal authority to do that. And so the plaintiffs sued for invasion of their privacy, invasion of their right to be let alone by the government, the right to seclusion. And the judge wrote – the government came back, said, well, you can't do that, and said, you know, you're overstepping your bounds here. This is not allowed under the Federal Tort Claims Act. And the judge wrote that he wasn't persuaded that there was such an exception for the false light invasion tort, because after all, Congress had not put that exception in to the statute itself. And if Congress had wanted to do that – and this was as of 1977 – Congress could surely have done that when it amended the law in 1974. And as the judge noted correctly, this false light invasion tort, while it's been around in amorphous form for a long time, in 1890 it took a very solid form when Brandeis – I think it was Brandeis – and another author wrote the first really big article about it. And then it went forward from there. I don't think in this case that there's too much question that there's such an animal. Pardon me, Your Honor? I don't believe that there is any question here that there is such an animal. Oh, good. All right. But the question is, is the conduct that's alleged to have occurred, that is, the disclosure of false information that put your client at fault in landing the aircraft, the same conduct that arises out of libel or slander? I suppose in certain circumstances it might be, like in the Jennifer Flowers case, where she alleged a whole series of defamation counts and then, based on the same facts, a whole series of false light invasion counts. And this Court said, well, you can't do the defamation counts, but you can do the false light counts, because under Nevada law there is a difference between defamation and false light invasion of privacy. In Arizona law, there's a very clear difference between defamation and false light invasion of privacy. Sure. But the question still is, is the conduct the same? It may be. The big thing that I'm missing here is that my client found out about this long after it happened. It just out of the blue he found out about it. And we don't have any proof that his reputation was damaged in any way. And we never alleged that. Sure. But reputation is or injury to reputation is a consequence of the conduct. It's part of the cause of action. But let you recover damages for defamation if you could prove that it existed. Here you say you can't, so therefore you go an invasion of false – invasion of privacy, false light route. Well, we could have gone both – I think, as in the Flowers case, we could have gone both ways. Of course, it would be lunacy to do it both ways against the government, because defamation is going to die if it will come under the slander and libel, et cetera. Well, I understand. But then all you're doing is skirting the statute. No, Your Honor. There's no exception for false light invasion of privacy under the Federal Tort Claims Act. And it is a distinct cause of action. Under state law, but the question is under federal law, is it different than libel, slander, misrepresentation, or deceit? I don't mean to be cavalier about it, but I don't think it matters what sort of federal common law might be out there on defamation as opposed to false light. Well, that's – but that – unfortunately, that's a statutory prerequisite for your coming into court. No, sir. The statutory prerequisite is I have to allege a cause of action under state law that is not barred by some exception, because the Federal Tort Claims Act specifically says you bring your claim under the law of the state or of the jurisdiction where the tort occurred. And under the law of the jurisdiction of Arizona, false light and defamation are separate torts since at least 1945 in the Reed case. And then in that wonderful God be here opinion – and that's the name. I'm not slandering anybody. In the wonderful God be here opinion, that is what Justice Feldman laid out in great detail, that they're different. It's not only that in defamation you have to prove – you have to prove damage to reputation or you don't have a cause of action. See, the – I keep coming back to my same question, which I still haven't heard an answer from you on, and that is, is the conduct the same? Because that's the Federal inquiry. I – well, I don't think that is the Federal inquiry, but I will – I hope I've answered the question. I think the conduct could indeed be the same. But in the Flowers case, the conduct was the same. And the Court said you cannot have defamation, but you can have false light because under Nevada law you can do that. Under California law, apparently, they're merged together and regarded as the same. And, in fact, in California, if I understand the case law correctly, you actually have to prove some sort of reputational damage to get a false light claim under these sorts of facts. We're not under California law. And, you know, that's the essence of the Federal Tort Claims Act. I know it makes – it seems to make some courts uncomfortable that there can be these kinds of differences, but I think that's the essence of what Congress wanted. It specifically chose to tie Federal tort claims into the law of the jurisdiction where the tort occurred. And that results in these kinds of cases. If there's no further questions? We'll save the rest of your time. Thank you, Your Honor. May it please the Court, my name is Peter Lanka and I represent the United States of America, the defendant appellee in this action. I urge the Court this morning to affirm the District Court's decision dismissing Mr. Adams' complaint under Rule 12. Your Honors, in my brief time before the Court this morning, I'd like to address three salient points, as well as field any questions you might have on the recent Supreme Court decision in Dolan v. United States. First, Mr. Adams has focused on a strict application of Arizona law. Mr. Lanka, do you have any knowledge about whether there was a claim filed with the FAA? I believe there was. At the motion to dismiss stage, we argued that it was untimely. It was filed over 11 years after the alleged release to the Arizona press, and it was denied as such. And I'm not sure if there was a supplemental claim filed at all, Your Honor. I'd like to talk first about Mr. Adams' insistence on the application of Arizona law, both at the district level and in the briefs before this Court, that's both cases. The law of the place doctrine is available under the FTCA in Section 1346B, but we don't get that far when applying the exceptions, Your Honor. Under 2680 states the provision of this chapter and Section 1346B do not apply to the 13 enumerated exceptions, subsection H of which is available here, Your Honor, any claim arising out of libel, slander, misrepresentation, deceit, the so-called intentional torts exception. We don't need to get to state law under case law as well. The Supreme Court decision United States v. Newstat, this circuit's decision in Sheehan v. United States, both cited by the United States in this Court, applied Section 2680 and stated that in looking at the exceptions to the FTCA, this Court must look at the governed by the, quote, traditional and commonly understood definition of torts. Both those courts, Your Honors, look to the restatement of torts in defining defamation, which under Section 568 is the basis for a libel and slander claim. Plaintiffs' claim to libel and slander claim. Kagan. How do we know that the conduct that was alleged here is the same? Well, you have to look at the elements stated in the restatement. Defamation is the same. Well, yeah. I mean, I can read the restatement and I can read what there are a whole bunch of different ways you can get invasion of privacy, but my question is how do we know from what is alleged in the complaint here that the conduct would, in fact, be defamatory, that is, libel or slander, as well as invasion of privacy? Well, under Rule 12, Your Honor, simply taking a facial reading of plaintiff's complaint in paragraphs 10 through 15. I have a hard time knowing what it is that he alleges, which is why I'm asking you the question. I mean, he basically says that the FAA disclosed in some report, or in some documents, that he was at fault or there was some fault involved in landing the airplane. From a reading of the complaint, that is correct, Your Honor. Paragraph 10, plaintiff claims the FAA wrongfully disclosed incorrect and damaging information about him, which is the false statement and the publication to a third party, the Phoenix media, necessary for a claim of defamation. Paragraph 15, plaintiff alleges the requisite harm necessary under Section 558 of the restatement. He states that he suffered severe harm, mental distress, and, quote, special damages. He also alleges the necessary fault for a claim of defamation in paragraph 14 of his complaint, where he alleges that the FAA had knowledge of or acted in reckless disregard to the falsity of the publicized matter. The Supreme Court specifically addressed these issues in the cases of COSAC versus the United States, which was relied heavily by Justice Kennedy in the recent decision in Dolan, which said, looking at the conduct alleged, you look at the world of actions that which could arise under subsection H. Comparing it to subsection B, which was addressed in the Dolan provision, where you just had distinct actions, lost mail, the underlying cause of the intentional torts exception, at least as it applies to libel and slander, is the dissemination of misrepresentation. Allegedly done here, apparently, someone at the FAA either held a press release or did release something to the media, and it mentioned the plaintiff, Mr. Adams, in a disparaging way, which was the underlying conduct for defamation. In the Block v. Neal in the U.S. versus Neustadt case, they addressed this with regards to misrepresentation, where the plaintiffs alleged either submission of housing records, evaluation, or supervision of a construction contact. In the Block v. Neal case, they found that it did not apply because it didn't arise out of the dissemination of information, didn't arise out of an intentional torts exception as listed there. However, in the Neustadt case, they found that information was disseminated, information was given concerning the value of housing by the FHA, that that arose out of the misrepresentation exception. This case, Your Honor, is one for one for this Court's prior decision in the Thomas section for slander is one for negligent infliction of emotional distress. This circuit specifically held that you can't get around the exceptions to the Tort Claims Act in that manner, Your Honor, and you can't, nor can you sidestep the allegations such as plaintiffs stated that they're unaware of the damage to the reputation. This circuit specifically held that there was, quote, nothing more than an effort to remove a necessary damage element from an intentional tort barred by Section 2680. And that the essence of that claim was one for slander. The essence of this claim is one for defamation, either slander or libel. We're not sure how it was spread. Under Rule 12, we have to take plaintiff at his word. But something was out there, and under looking at the restatement and the definitions themselves, it arises out of an intentional tort which is barred by Subsection H of 2680. Plaintiff also brings up the case of Jennifer Flowers versus Hillary Clinton. Your Honor, it's important to note that's not a Federal Tort Claims Act case. The exclusionary prongs under 2680 wasn't even, weren't even addressed at all. And in that case, the court had to look at Nevada law. Whereas here, we don't have to. Arizona law is not even applied under the law of the place doctrine until we get past the amorphous federal common law of what Congress was thinking in 1947 when they enacted the Federal Tort Claims Act. One more point. The only cases that plaintiff cites in support of his position that false light  Remembering, Your Honor, this court's decision in Thomas Lacer, Sheehan, and Mount Holm state that we don't need to look at the labels at all, but rather the conduct alleged, which is an invasion, which is a defamatory action. Judge King, with all respect, it was, the case did not turn on the exceptions in the 1977 Crosshank opinion and merely listed a label as something that wasn't included. The other case listed was one from the District of South Dakota, Gross versus United States. It did the same thing. They gave no analysis at all to the conduct by the United States looking beyond the labels, as this court has done in at least five opinions since that time. And the Supreme Court has done in at least four opinions since that time, including one in February from this year. If there are no further questions. I don't think so. Thank you. Thank you, Your Honors. Mr. Abney. Can I have another hour? It isn't a case about labels or smoke and mirrors or characterization. It's a case about Arizona substantive law. Arizona substantive law says that there are certain things you allege for false light invasion of privacy. There are certain consequences that flow from that. The standard of proof is different. For instance, for false light, the information can be true, and in the defamation, if it's true, you lose your case, period. And here, what the FAA put out, part of it may be true, part of it may be false, all of it may be true, but the effect was to place my client in a false light that he was an incompetent pilot. And that's why this case resembles the Godineer case where the Maricopa County Sheriff, his deputies, and certain of his employees were characterized in repeated news reports as being incompetent. And Justice Feldman said, well, you've got a false light invasion toward here. You've got all the elements. There is a distinct difference in Arizona law. He wasn't just making that up on the spur of the moment. He was following the restatement, which Arizona traditionally follows, and following the Reed versus Real Detective publishing case from 1945, which if you have a chance to read it, it's just a wonderful opinion, discussing the differences at mid-century, as the court perceived it, between defamation and false light. And that is a tradition that Arizona courts have carried forward through God Be Here and for every other case in Arizona. These are very distinct matters. It's different. The Federal Tort Claims Act has specific exceptions. As Creekshank noted, false light invasion of privacy is not one of those exceptions. We're entitled to allege it as a separate tort. And just saying, well, you know, you could characterize it as something else, that doesn't really solve the problem. It doesn't really address the problem. It just sidesteps it. There are many torts, many situations that could be characterized differently. For instance, in medical malpractice, you could characterize it as an assault, battery, or as medical negligence. Medical negligence, you can do under federal tort claims, but battery, you can't. It would be trouble if it arises out of assault or battery. Well, yeah. But under the common law, medical negligence was often described as a battery. But you can't do that under federal tort claims, but you can do the other. Thank you all for your patience. I appreciate it very much. Thank you. Thank you for your argument, counsel. The matter just argued will be submitted. Thank you very much. I'll supplement the record, too, if that's all right. If it's already in the record, we can find it. Well, it may or may not be. The motion? Well. Why don't you file a motion to supplement the record, and we can take a look at it? Okay. Thank you, Your Honor. I appreciate it. All right. Well, next to your argument in McGovern.
judges: Rymer, T.G. Nelson, King